[ECF No. 85]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIBEL MORA,<br><br>          **Plaintiff,**<br><br>    v.<br><br>NEW JERSEY OFFICE OF THE PUBLIC DEFENDER,<br><br>          **Defendant.** | Civil No. 23-1797 (CPO/EAP) |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 85 ("Pl's Mot."). Defendant has opposed the motion. ECF No. 93 ("Def.'s Opp."). The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the following reasons, Plaintiff's Motion is **DENIED**.

A.    **Factual Background**

*Facts in the Complaint*

1.    According to the Complaint, Defendant New Jersey Office of the Public Defender ("NJ OPD") hired Plaintiff Maribel Mora as an investigator in 2004. ECF No. 1 (Compl.) ¶ 7.

2.    During the COVID-19 pandemic, Defendant mandated that all employees provide proof of vaccination or submit to ongoing testing. *Id.* ¶ 15. In response, Plaintiff requested a religious exemption from both vaccination and testing but indicated that she was willing to comply with masking and social distancing. *Id.* ¶¶ 19-20, 23. Nonetheless, on December 7, 2021, Defendant placed Plaintiff on a seventy-five-day unpaid suspension for failing to comply with the

NJ OPD's policy. *Id.* ¶ 27.

3. On February 26, 2022, Plaintiff communicated to Defendant certain scriptures from the Christian Bible that she believed confirmed her convictions about COVID-19 vaccinations and testing. *Id.* ¶¶ 29-30. She also provided Defendant with a letter from her religious leadership indicating that her requests were tied to her Christian faith. *Id.* ¶ 16.

4. According to Plaintiff, Defendant denied her any religious accommodation from its vaccination and testing policy and, consequently, terminated Plaintiff's employment. *Id.* ¶¶ 31-34.

*Procedural History*

5. On March 30, 2023, Plaintiff filed a Complaint against Defendant NJ OPD alleging various claims of discrimination, harassment, and retaliation under Title VII and the New Jersey Law Against Discrimination ("NJLAD"). *Id.* ¶¶ 40-86 (Counts 1-4).

6. The case proceeded through a lengthy discovery period, with the fact discovery deadline being extended because of various circumstances. *See* Docket Sheet. Per the last Scheduling Order of May 29, 2025, fact discovery was extended to July 30, 2025. ECF No. 91 (May 29, 2025 Scheduling Order).

7. On May 20, 2025—over two years after this lawsuit began—Plaintiff filed the current Motion to Amend the Complaint seeking to name three individual employees of NJ OPD as defendants in this action: Joseph Krakora (head of NJ OPD), Robin Veasey (NJ OPD's ADA Coordinator), and Cely Mack (NJ OPD's Human Resources Assistant Manager). ECF No. 85-1 ("Proposed Am. Compl.") ¶¶ 5-7. Plaintiff's proposed amended complaint also attempts to add facts to substantiate her Title VII and NJLAD claims against the newly-added defendants. *See* Pl.'s Mot. at 1-2; Proposed Am. Compl. Defendant opposed the motion on June 2, 2025. Def.'s

Opp.  This matter is now ripe for disposition.

**B.      Discussion**

8.      As a threshold matter, the Court must determine the appropriate standard of review. Although both parties focus on Federal Rule of Civil Procedure 15, which governs the amendment of pleadings, neither party discusses Federal Rule of Civil Procedure 16, concerning the amendment of a scheduling order to permit a party to move to amend out of time.  Nevertheless, "the fact that neither party specifically names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to plaintiff's motion to amend." *Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *3 (D.N.J. Apr. 15, 2013).

9.      The Third Circuit Court of Appeals has instructed that "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies" and "[a] party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (footnote omitted); *see also Lasermaster Int'l Inc. v. Neth. Ins. Co.*, No. 15-7614, 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018), *aff'd* 2021 WL 3616197 (D.N.J. Aug. 13, 2021).

10.     Here, the Court's August 16, 2023 Scheduling Order provided that "the time within which to file a motion to amend the pleadings or a motion to join new parties will expire on October 16, 2023." ECF No. 15 (Scheduling Order) ¶ 6.  Because Plaintiff filed the present Motion after the applicable deadline, the Court must first address Plaintiff's compliance with Rule 16 before turning to a Rule 15 analysis.

          A.      Rule 16

11.     "The deadline for amending pleadings in the pretrial scheduling order 'assures that

3

at some point . . . the pleadings will be fixed.'" *Watson v. Sunrise Senior Living Servs.*, No. 10-230, 2015 WL 1268190, at *6 (D.N.J. Mar. 18, 2015) (quoting Fed. R. Civ. P. 16(b) Advisory Committee Notes to the 1983 Amendment)). To permit an untimely amendment, the moving party bears the burden of establishing "good cause" for its failure to comply with the applicable scheduling order's deadline for amending the pleadings. *Prince v. Aiellos,* No. 09-5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (citing *Graham v. Progressive Direct Ins. Co.,* 271 F.R.D. 112, 118 (W.D. Pa. 2010)).

      12.     The focus of the good cause analysis is "on the diligence, or lack thereof, of the moving party." *Tordella v. Cnty. of Cape May, Bd. of Chosen Freeholders*, No. 18-15101, 2021 WL 3562895, at *2 (D.N.J. Aug. 12, 2021) (citations omitted); *see also Sabatino*, 2013 WL 1622306, at *4 (noting that "good cause" under Rule 16 focuses on the diligence of the moving party). To make the good cause determination, a court should "'consider whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend' prior to the expiration of the deadline." *Ewing v. Cumberland Cnty.*, No. 09-5432, 2014 WL 3974159, at *4 (D.N.J. July 16, 2014) (quoting *Siebel v. Work At Home Vintage Emps., LLC*, Nos. 12-1199, 12-1210, 2013 WL 6094558, at *3 (D.N.J. Nov. 18, 2013)); *see also GlobespanVirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (stating that the moving party "must show that the deadlines [could not] be reasonably met despite its diligence" (quotation omitted)). "The [c]ourt has broad 'discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement.'" *Bonds v. N.J. Judiciary Admin. of the Ct.*, No. 19-18983, 2024 WL 2091119, at *5 (D.N.J. May 9, 2024) (quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)).

4

13. "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Speed Info. Tech., Inc. v. Sapido Tech., Inc.*, No. 12-3040, 2016 WL 1610781, at *5 (D.N.J. Apr. 21, 2016) (citing *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005)). While courts have found good cause to modify a scheduling order where the facts necessary for amendment were determined during the discovery period, reasonable diligence remains the touchstone of the analysis. *See McGrath v. Rainbow Pediatrics, P.C.*, No. 19-4714, 2021 WL 3616749, at *3 (D.N.J. Aug. 16, 2021) (finding good cause to modify a scheduling order where the plaintiff discovered the facts supporting the proposed amendment at a fact-witness deposition and "promptly filed" the motion for leave to amend); *Freedom Mtg. Corp. v. Fitzpatrick*, No. 20-5872, 2021 WL 9667929, at *4 (D.N.J. July 28, 2021) (finding good cause to modify scheduling order where plaintiff filed motion for leave to amend within two months after learning the requisite information in depositions); *Sabatino*, 2013 WL 1622306, at *5 (finding good cause where the plaintiff moved to amend less than fifty days after having received all relevant information supporting claims against new defendants, and she renewed the motion only four days after denial of the defendants' motion for summary judgment).

14. Here, Plaintiff avers that when she filed her initial claims in March 2023 against only her employer as an entity, she was "without discovery that provided the information necessary to identify the actions of the individual defendants to state claims against them." Pl.'s Mot. at 1-2. She also asserts that various "intentional acts and events"—including Defendant's retaliatory actions regarding Plaintiff's New Jersey Private Detective license—occurred after the date of pleading and could not have been known prior to engaging in discovery. *Id.* at 2.

15. While this argument could potentially justify Plaintiff's inability to meet the

5

October 2023 amendment deadline, Plaintiff's Motion offers no basis for failing to seek leave to amend the Court's scheduling order or otherwise move to amend her Complaint until May 2025, more than two years after initiation of the litigation, nineteen months into fact discovery, and two months prior to the close of the extended fact discovery period. *See* ECF No. 91 (May 29, 2025 Scheduling Order) ¶ 3. Indeed, Defendant represents that in October 2023, it produced to Plaintiff her personnel file, discipline file, EEO file, EEOC file, and emails between Defendant and her union. ECF No. 93-1 (Certif. of Edwin F. Chociey ("Chociey Certif.")) ¶ 2. In addition, in September 2024, Plaintiff's attorney took four Rule 30(b)(6) depositions. *Id.* ¶ 3. Defendant points out that "[a]ll of the emails, letters and other documents referenced in plaintiff's proposed amended complaint" on which she premises her proposed claims against the individual defendants, were either authored by Plaintiff herself, received from Plaintiff in January 2022, submitted by Plaintiff's union to Defendant on Plaintiff's behalf in February 2022, or produced by Defendant in October 2023. *Id.* ¶ 4. As such, Plaintiff had ample evidence on which to seek to amend her Complaint prior to the Court-imposed deadline for amendment of pleadings. Yet for unbeknown reasons, Plaintiff chose to wait another year and a half to seek leave to amend. Such circumstances fail to establish reasonable diligence and do not establish good cause to modify the scheduling order.

        B.     Rule 15

16.    Even assuming Plaintiff could satisfy the good cause standard of Federal Rule of Civil Procedure 16, concerns of undue delay and prejudice warrant denial of leave to amend under Federal Rule of Civil Procedure 15.

17.    Rule 15(a) governs amendments to pleadings before trial. A party may amend its pleading once as a matter of course within either twenty-one days after serving it; or if the pleading

is one to which a responsive pleading is required, the earlier of twenty-one days after service of a responsive pleading or twenty-one days after a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

18. The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, the Court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quotations omitted). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

19. Here, Defendants oppose the filing of Plaintiff's proposed amended complaint on grounds of undue delay.[1] Def.'s Opp. at 10-14. Notably, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay . . . . In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Coll. Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (internal citation omitted). A delay becomes undue only when it places an "unwarranted burden on the court" or may be prejudicial to the opposing party. *Id*.; *see also*

---

[1] Defendants also contend that parts of the proposed amendment are futile. Def.'s Opp. at 15-18. Because the Court denies the Motion on other grounds, it need not address this argument.

7

*Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) ("[D]elay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave."). The issue of undue delay requires the court to focus on the moving party's motives for not amending its complaint earlier. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). A motion for leave to amend may be denied if the moving party can offer "no cogent reason" for its delay in seeking the amendment. *Mullin*, 875 F.3d at 151. "[T]he party seeking leave to amend bears the burden of explaining the reasons for the delay." *LePages's Inc v. 3M (Minn. Mining & Mfg. Co.)*, No. 97-3983, 1998 WL 631960, at *4 (E.D. Pa. Sept. 2, 1998) (citation omitted).

20.    As noted above, Plaintiff fails to offer any explanation for why she waited until the end of this protracted discovery period to seek leave to add the three proposed new defendants. By virtue of Plaintiff's role as either the author or recipient of the majority of emails that make up the basis of the proposed amendments, Plaintiff had ample notice of the identity of these individuals and their role in the pertinent events in this case. *See* Def.'s Opp. at 10; Chociey Certif. ¶ 4; *see also* ECF No. 85-1 (Proposed Am. Compl. ¶¶ 31-47) (describing numerous communications between Plaintiff and Defendant's employees, including proposed new defendants Mack and Veasey). Moreover, by the end of 2023, Plaintiff had NJ OPD's initial 2,028-page production of documents, including Plaintiff's personnel file, discipline file, EEO file, EEOC file, emails between NJ OPD and her union, and various policy documents. Chociey Certif. ¶ 2. On September 5, 2024, Plaintiff's former attorney took four Rule 30(b)(6) depositions, including those of Fletcher Duddy, Esq. (Assistant Public Defender); Dana Lane, Esq. (Assistant Public Defender and EEO Officer during the relevant time period); Robin Veasey, Esq. (Assistant Public Defender and ADA Coordinator during the relevant time period); and Michael Rutherford

8

(Personnel Assistant 1 during the relevant time period). *Id.* ¶ 3. Plaintiff fails to identify any evidence that came to light after this discovery prompting her request for leave to amend or to offer another explanation for waiting until the end of the discovery period to seek amendment. Because Plaintiff was well-aware of the facts that would give rise to her claims against proposed new defendants Krakora, Veasey, and Mack, the Court finds that Plaintiff engaged in undue delay.

21. As to Plaintiff's new claims relating to the alleged "intentional acts and events that occurred after the date of the pleading; *e.g.* Defendant's retaliatory actions regarding Plaintiff's New Jersey Private Detective license," *see* Pl.'s Mot. at 2, Plaintiff also fails to offer any satisfactory explanation for the delay. Plaintiff's proposed amended complaint alleges that "Defendant NJOPD retaliated against Plaintiff for making a complaint for religious discrimination and requesting a religious accommodation by intentionally refusing to correctly complete a form for Plaintiff's New Jersey Private Detective license so that Plaintiff could further her employment." ECF No. 85-1 (Proposed Am. Compl.) ¶ 94. Almost a year earlier in May 2024, however, Plaintiff's prior counsel wrote to Defendant's counsel, attaching email correspondence between Defendant and Plaintiff regarding her Private Investigator license with the State of New Jersey. ECF No. 68 at PageID 223 (May 9, 2024 Ltr.). Plaintiff's counsel specifically raised this claim to Defendant, asserting that "[y]our client's failure to complete the form is part of the reason Plaintiff's private investigator license application was never processed." *Id.* Subsequently, on December 6, 2024, the Court directed Defendant to prepare a Rule 30(b)(6) witness on the topic of Plaintiff's application for her New Jersey private investigator license. ECF No. 59 (Order) ¶ 1(h). Thus, at the latest, Plaintiff had facts to support a claim relating to her Private Detective License by the end of 2024 to the beginning of 2025. Plaintiff, however, opted to wait until May 2025 to seek leave to add this claim. Such unexplained delay is undue.

9

22. Moreover, Defendant establishes prejudice that would result from allowance of the amendment. Prejudice supports denial of leave to amend where, "if amendment were permitted, the [defendant] would be prejudiced by having to engage in burdensome new discovery and significant new trial preparation." *Cureton*, 252 F.3d at 274, 275-76 (finding that the court did not abuse its discretion in denying post-judgment motion to amend where the court determined that proposed amendment would force the defendant to begin litigating this case again (footnote omitted)). Although "incidental prejudice to the opponent is not a sufficient basis for denial of an amendment[,]" prejudice "becomes 'undue' when the opponent shows it would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered[.]'" *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of the V.I., Inc.,* 663 F.2d 419, 426 (3d Cir. 1981)); *see also Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009) (in deciding the issue of prejudice, "courts consider whether permitting the amendment would (1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction") (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

23. Here, Plaintiff's amendment "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation." 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1487 (3d ed. 1990). As noted above, this case has been pending since April 2023 with the NJ OPD as the only Defendant. All discovery up to this point has been targeted towards proving or disproving whether the NJ OPD as an entity is liable under Plaintiff's theories of relief. With the proposed

10

amended complaint, Plaintiff seeks to add three new individual defendants and six new claims, thus necessitating an extension of an already lengthy discovery period. For example, the parties will require written discovery and depositions into each individual's actions and whether those alleged actions give rise to individual liability. In turn, the NJ OPD will be required to propound and respond to additional written discovery, engage in further motion practice, and delay either dispositive motions or other resolution of the existing claims. Further, as Defendant notes, Joseph Krakora—one of the new proposed defendants—has been retired for more than a year, rendering him less accessible to Defendants. Def.'s Opp. at 13-14.

24. In light of Plaintiff's extended and wholly unexplained delay in seeking amendment of the Complaint to add new defendants and new claims, together with the undue prejudice Defendant would suffer by allowing the amendment, the Court denies leave to amend under Federal Rule of Civil Procedure 15. Therefore,

**IT IS** this **18th** day of **August 2025**;

**ORDERED** that Plaintiff's Motion for leave to amend the Complaint is **DENIED**.

        s/Elizabeth A. Pascal
        ELIZABETH A. PASCAL
        United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.